IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00155-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TERRELL ADAMS,
    *a/k/a Terrell Marceles Adams,*
    *a/k/a Terrell Marcellus Adams,*
    *a/k/a Tyrese Henderson,*

       Defendant.

---

**UNOPPOSED MOTION FOR 80-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF RELEVANT DEADLINES**

---

The defendant, Terrell Adams ("Mr. Adams"), by and through undersigned counsel, hereby moves this Honorable Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for an 80-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. As grounds therefore, he states as follows:

    1.    On May 6, 2021, a one-count indictment was filed, alleging that on April 25, 2020, Mr. Adams violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Doc. 1. Mr. Adams has pled not guilty. *See* Doc. 9.

    2.    The 70-day Speedy Trial Act ("STA") date is, as of this filing, August 11, 2021. Doc. 12 at 8. The instant motion tolls the clock. 18 U.S.C. § 3161(h)(1)(D).

    3.    Pretrial motions are currently due July 2, 2021; trial is set to begin on August 9, 2021. Doc.15.

4. In order to effectively represent Mr. Adams, undersigned counsel believes it is necessary to continue the currently set dates in this case. Counsel has conferred with Mr. Adams, who expressed no objection to the filing of this motion.

5. Specifically, Mr. Adams requests an 80-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline.

6. Undersigned counsel has conferred with Assistant United States Attorney Ms. Jena Neuscheler, who expressed she has no objection to the instant motion.

7. The facts of this case, the necessary investigation, the evidence/discovery provided to date, and the need to confer with an expert in this case present potential complicated factual and legal issues requiring additional time, research and investigation.

8. Disclosures of discovery occurred in this case on June 3, 16, and 25, 2021. Undersigned counsel has reviewed much of the discovery. The review of discovery is ongoing.

9. In reviewing the discovery that has been disclosed to date, undersigned counsel needs additional time to research potential legal and factual issues that relate to both pre-trial disclosures and/or potential trial defenses and strategy. Counsel has identified possible legal and factual issues that need to be pursued. Among the tasks counsel has identified is the need to confer with an expert in this case. As of this filing, undersigned counsel has not had sufficient time to complete that task. In short, additional time is needed to confer with an expert, ensure a complete factual investigation, and conduct legal research.

10. The alleged incident in this case occurred over one year ago. While not extensive, this passage of time does somewhat complicate counsel's factual investigation in this case. Numerous witnesses have been identified that will need to be interviewed. Discovery also discusses a possible alleged victim. Additional time is needed for the defense's investigation on these matters, including locating and interviewing potential witnesses and/or an alleged victim.

11. In order to adequately advise Mr. Adams on his options in this case (affecting his ability to make an informed decision on how to proceed), it is necessary to review with him the potential sentencing consequences should a conviction occur. That review is ongoing. Potential sentencing issues in this case involve analysis relating to criminal history, prior convictions, and "crimes of violence" for sentencing purposes. Additional time is needed to research such issues and advise Mr. Adams.

12. Counsel thus far has not met with Mr. Adams in person, although communication via phone has occurred. Counsel needs additional time to confer with Mr. Adams.

13. Finally, undersigned counsel has had several discussions about this case with Ms. Neuscheler. However, counsel believes additional time is needed to confer with the government in this case, after counsel has additional time to complete investigation and research into this case.

14. In light of the above, counsel believes 80 days should be excluded from the computation of the STA clock. Counsel does not believe he will be able to effectively represent Mr. Adams under the currently set deadlines and dates.

15. Among the factors, applicable here, which the court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

    a. Whether the failure to grant the continuance would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). Given the need for additional time to investigate and prepare the defense, Mr. Adams believes this would be the case here.

    b. Whether the case is unusual due to the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii). Here, counsel needs to confer with an expert in this case concerning the definition of "firearm" found in 18 U.S.C. § 921(a)(3). Further, the alleged conduct occurred over 1 year ago, with several witnesses to interview, including an alleged victim. The defense believes this subsection may apply.

    c. This Court may also consider whether the failure to grant a continuance in a case which is otherwise not unusual or complex would deny the Defendant the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. The defense believes again, this is the case. 18 U.S.C. § 3161(h)(7)(B)(iv).

16. In support of this motion Mr. Adams addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In West the 10th Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

17. Applying the *West* factors Mr. Adams states as follows:

    a. Counsel has exercised diligence. Counsel has reviewed much of the discovery. Counsel and his investigator have begun working on the case, including identification of issues that need to be investigated and the identification of numerous witnesses that need to be interviewed. Counsel has identified legal issues that need to be researched, including the need to confer with an expert. Communication with government counsel about the case has also begun. Counsel has also had telephone conversations with Mr. Adams. In short, counsel and other members of counsel's office have been diligently working on Mr. Adams' case. Nevertheless, additional time is needed to effectively represent Mr. Adams. Simply stated, despite the diligent efforts that have already gone into Mr. Adams' case, additional time will be required to effectively represent him in these proceedings, including at trial, if trial is necessary, or to help him knowingly and intelligently decide to enter into a plea agreement.

    b. If this continuance is granted counsel will have additional time to complete the stated tasks. The continuance, if granted, would accomplish the purpose underlying Mr. Adams' need for the continuance.

    c. The government does not object to the defense request of a continuance of the trial and there is no information suggesting that any government

witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.

        d.      The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion, especially in paragraphs 7 through 13 above. Without the exclusion of a period of time from the speedy trial calculations, Mr. Adams' right to be fairly and effectively represented in these proceedings will be seriously jeopardized.

17.     Undersigned counsel believes that the ends of justice are best served by the granting of such continuance and such interest outweighs the best interest of the public and Mr. Adams' in a speedy trial.

WHEREFORE, Mr. Adams requests that this unopposed motion be granted, and the Court enter an order extending the pretrial motions deadline, and excluding 80 days in the computation of time within which the trial in this case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et al.

                                          Respectfully submitted,

                                          VIRGINIA L. GRADY
                                          Federal Public Defender

                                          s/ David E. Johnson
                                          DAVID E. JOHNSON
                                          Assistant Federal Public Defender
                                          633 17th Street, Suite 1000
                                          Denver, CO  80202
                                          Telephone:  (303) 294-7002
                                          FAX:  (303) 294-1192
                                          David_johnson@fd.org
                                          Attorney for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on June 28, 2021, I filed the foregoing **UNOPPOSED MOTION FOR 80-DAY ENDS OF JUSTICE CONTINUANCE AND EXTENSION OF RELEVANT DEADLINES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Jena R. Neuscheler, Assistant United States Attorney
E-mail:  jena.neuscheler@usdoj.gov

      I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Terrell Adams (via U.S. mail)

                                        s/ David E, Johnson
                                        DAVID E. JOHNSON
                                        Assistant Federal Public Defender
                                        633 17th Street, Suite 1000
                                        Denver, CO  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        David_johnson@fd.org
                                        Attorney for Defendant