IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00155-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    TERRELL ADAMS,

      Defendant.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

This matter is before me on defendant's Unopposed Motion for 80-Day Ends of Justice Continuance and Extension of Relevant Deadlines [Docket No. 19]. The United States does not oppose such an exclusion. *Id.* at 2, 5.

The trial in this matter is set for August 9, 2021. Docket No. 15 at 1. Based on defendant's initial appearance on June 2, 2021 and the filing of the motion to exclude on June 28, 2021, I find that there are 44 days left in the speedy trial period.

The defendant's motion is based on four arguments. First, in reviewing the discovery that has been disclosed to date, the defendant needs additional time to research potential legal and factual issues as well as confer with an expert. Docket No. 19 at 2. Second, defendant has identified numerous witnesses that need to be interviewed, including a possible alleged victim. *Id.* at 3. The defendant needs additional time to investigate these matters. *Id.* Third, although Mr. Adams has communicated with his attorney via telephone, additional time is necessary to meet with his attorney in person. *Id.* Fourth, Mr. Adams believes additional time is necessary to

confer with the government after completing the additional investigations and research.

*Id*.

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18

U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which

provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests:  first, to protect a defendant's

right to a speedy indictment and trial, and second, to serve the public interest in

ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047

(10th Cir. 2007).  The Act requires that a defendant's trial commence within seventy

days after the indictment is filed or initial appearance, whichever is later.  *See* 18 U.S.C.

§ 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of

delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C.

§ 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a

continuance granted by any judge . . . on the basis of its findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant

in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the

fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'"  *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 80 days is justified and necessary to allow Mr. Adams adequate time to review discovery, conduct necessary investigations, to confer with an expert, and communicate with his counsel to discuss the best options for this case.

Thus, I find that it would be unreasonable to expect adequate preparation by Mr. Adams, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161 would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for Mr. Adams the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 80 days from the date of this order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1.  **ORDERED** that the Unopposed Motion for 80-Day Ends of Justice Continuance and Extension of Relevant Deadlines [Docket No. 19] is **GRANTED**.  It is further

2.  **ORDERED** that the pretrial motions deadline, currently set for July 2, 2021, as well as the response deadline, currently set for July 9, 2021, are vacated.  All pretrial motions shall be filed by **September 20, 2021** and responses to these motions shall be filed by **September 27, 2021**.  It is further

3.  **ORDERED** that the Trial Preparation Conference for August 6, 2021 at 10:00 a.m. is vacated and will be reset for **October 7, 2021 at 3:30 p.m**.  It is further

4.  **ORDERED** that the jury trial set for August 9, 2021 is vacated and will be reset for **October 12, 2021 at 8:00 a.m.** for four days.  It is further

5.  **ORDERED** that 80 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED July 7, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5