IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00155-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRELL ADAMS,
    a/k/a Terrell Marceles Adams,
    a/k/a Terrell Marcellus Adams,
    a/k/a Tyrese Henderson,

    Defendant.

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR BELOW-GUIDELINE SENTENCE**
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for Below-Guideline Sentence" ("Motion"). Dkt. 33. The Government respectfully requests that this Court impose a sentence of **92-months** imprisonment concurrent to several undischarged state sentences in addition to three years of supervised release, with the conditions recommended by the United States Probation Office ("Probation").

Defendant's Motion requests a variant sentence of 60 months prison (32 months below the guidelines) concurrent to the undischarged state sentences. *Id.* He bases this request on Defendant's possession of an inoperable firearm, cooperation with police, age

1

and upbringing, and mental health conditions. *See id.* In opposition, the Government asserts that the nature of the current offense (a fourth felony conviction) and Defendant's escalating violent criminal history outweigh the mitigation put forth, making a bottom-guidelines sentence ultimately appropriate.

## I. Guidelines Calculation & Sentencing Recommendation

As an initial matter, the parties agree with the calculation of Defendant's guidelines as prepared by Probation in the Pre-Sentence Report. *See* Dkt. 34 ¶¶ 21-32. The base level is 20. USSG § 2K2.1. A two-level enhancement is appropriate because the gun was stolen. *Id.* § 2K2.1(b)(4)(A). An additional two-level enhancement is added because Defendant used or possessed the firearm in connection with an armed robbery. *Id.* § 2k2.1(b)(6)(B). The adjusted offense level is therefore 26. The Government has moved for Defendant to receive three-level adjustment for Acceptance of Responsibility pursuant to Sections 3E1.1(a) and (b). Dkt. 32.

Thus, the total offense level is 23. When combined with a criminal history category of VI, the advisory guidelines range is **92-115** months imprisonment. Probation recommends a variant sentence of 80 months concurrent to the undischarged state sentences "in consideration of Defendant's history and characteristics and the nature and circumstances of the offense." Dkt. 34, Ex. A at R-3.

## II. Practically, a consecutive or concurrent sentence will have little impact on Defendant's overall time to serve.

Defendant is likely to serve a similar overall length of sentence whether the federal sentence is run concurrent or consecutive to the undischarged state sentences. On this basis, the Government recommends that the federal sentence runs concurrently.

Defendant's Weld County Case No. 17CR2069 is scheduled to discharge in less than one month from the February 18, 2022. Dkt. 34 ¶ 37 (March discharge date). Furthermore, Denver County Case Nos. 20CR5668 and 21CR1836, running concurrently with each other and the Weld case, were sentenced on December 16, 2021, with a total sentence of 2.5 years DOC and two years parole. *See* C.R.S. § 17-22.5-101 (concurrent sentences construed as one sentence). A concurrent federal sentence will consume the shorter state sentences even if 60 months are imposed.

However, if the federal sentence here is run consecutively, Defendant will likely serve minimal time on his state prison sentences and his parole will be served in federal custody during the federal consecutive sentence.[1] This is true as Defendant will likely receive substantial reductions in prison time due to presentence confinement credit imposed in the cases (447 and 270 days respectively), good time credit pursuant to C.R.S. § 17-22.5-403(1) (automatic 50% reduction), and earned time credit pursuant to C.R.S. § 17-22.5-405. Accordingly, absent noncompliant behavior, Defendant's 2.5-year DOC sentence will be completed in short order.

### III.  A sentence of 92 months imprisonment is sufficient but not greater than necessary, to satisfy the goals of 18 U.S.C. § 3553(a).

#### a. Sections 3553(a)(1) and (a)(2)(A): Nature & Circumstances of the Offense, and Seriousness of Offense

Defendant argues that two facts are mitigators that aid in justifying a 32-month variance: (1) the firearm was inoperable and that (2) Defendant cooperated with law

---

[1] The Government spoke with the DOC Time Computation Unit, who confirmed that state parole would be served in federal custody on a consecutive sentence.

enforcement. *See* Dkt. 33 ¶ 4-5. He notably ignores that the gun possession was connected to an armed robbery. *See id.*

Defendant's firearm possession in connection with an armed robbery outweighs a variant sentence under Sections § 3553(a)(1) and (a)(2)(A). First, though ultimately determined to be inoperable, the handgun possessed by Defendant had a loaded magazine and a round loaded in the chamber. Dkt. 34 ¶ 10. Defendant used it as though it were operable, displaying it to the victims to facilitate the marijuana-deal-turned robbery, and induce their compliance. *Id.* ¶ 8. Because Defendant was ultimately successful in his efforts to rob the victims by use of the gun, the Government disagrees that "operable firearms are clearly more dangerous for a felon to possess than inoperable ones," as proposed by Defendant. Dkt. 33 at 4. The functionality of the gun did not matter because the crime was still successfully completed through its use.

Second, the firearm was stolen. Dkt. 33 ¶ 23. As a felon, Defendant was restricted from possessing a firearm, but he chose to possess a weapon taken from a law-abiding citizen, resulting in a two-level increase per USSG 2k2.1(b)(4)(A) here.

Defendant's proposed variance essentially eliminates the guideline enhancements for the use of a stolen firearm in connection with another felony. In consideration of Sections 3553(a)(1) and (a)(2)(A), the nature of this offense is more serious than mere firearm possession. A guideline sentence ultimately serves to reflect the aggravated nature of this offense, adds appropriate enhancements based on the facts, and provides just punishment. *See* Dkt. 34 ¶¶ 22-32. Imposing a sentence at the bottom of the guidelines when the Court has discretion to impose an even higher sentence

sufficiently accounts for Defendant's cooperation. Accordingly, a 32-month variance is not warranted.

### b. Section 3553(a)(1): History and characteristics of Defendant,

Defendant also argues that Defendant's age, upbringing, and mental health conditions mitigate toward a variant sentence. Dkt. 33 at 6-8. While the Government acknowledges under Section 3553(a)(1) both Defendant's unfortunate personal circumstances and his recent actions to address his mental health and educational needs, *id.* at 8; *see also* Dkt. 34, Ex. B, these mitigators are properly accounted for, again, by imposing a sentence at the bottom of the guidelines. As noted below, other Section 3553(a) factors further justify a guidelines sentence and outweigh the variant sentence requested by Defendant and Probation.

### c. Sections 3553(a)(2)(A), (B) and (C): Promoting Respect for the Law, Deterrence and Public Safety.

Defendant's adult criminal history is comprised of all violent offenses involving crimes on persons, and his violent conduct is escalating, further justifying a guidelines sentence under Section 3553(a). *See* Dkt. 34 ¶¶ 36-41. Since 2017, he has been convicted four times of assault and twice for menacing. *Id.* The present case, gun possession in connection to an armed robbery, represents his fourth felony conviction at 23 years of age. *Id.*, Ex. A at R-3. Defendant's two offenses shortly after this crime (the Denver County cases) involve equally serious behavior and cannot be ignored in assessing his risk to the public, to include holding a knife to a store clerk in fear of her life, *id.* ¶ 40, and causing orbital fractures to a victim, *id.* ¶ 41. Furthermore, Defendant was on state parole in Weld County Case No. 17CR2069 at the time of committing the instant

offense and Denver offenses. State prison and parole supervision have been ineffective in deterring his criminal behavior. *Id.* ¶¶ 43, 37 (highlighting Defendant's poor performance on parole); *see also id.* ¶¶ 33-41 (juvenile sentences, multiple jail sentences, probation, and YOS have also failed to stem recidivism). Defendant brazenly ignored all state prohibitions from possessing a firearm, arming himself and using that weapon to commit further crime.

Finally, Defendant argues that a lesser sentence is warranted because the federal sentence here will surpass Defendant's longest prior prison sentence to date. Dkt. 33 at 1. Defendant fails to acknowledge, however, his lengthy criminal history, poor responses to probation and parole supervision, and high risk for recidivism that may include further violent crimes. *See id.* Thus, the Government asserts that a longer, guidelines sentence is justified to deter Defendant's recidivism and impress on him at his age the need to respect the law and live a crime-free lifestyle, per Sections 3553(a)(2)(A) and (B). And, importantly, a longer guidelines sentence will hopefully prevent creating future victims from Defendant's continuing recidivism per Section 3553(a)(2)(C).

## CONCLUSION

The Government requests the Court deny Defendant's Motion. A sentence of 92-months imprisonment concurrent to several undischarged state sentences, and three

//

years of supervised release is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

DATED this 9th day of February, 2022.

COLE FINEGAN
United States Attorney

s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: al.buchman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: al.buchman@usdoj.gov