IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00155-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     TERRELL ADAMS,
      a/k/a "Terrell Marceles Adams,"
      a/k/a "Terrell Marcellus Adams,"
      a/k/a "Tyrese Henderson,"

       Defendant.
_____

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
_____

COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Laura B. Hurd, pursuant to the provisions of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), and moves this Court to enter a Preliminary Order of Forfeiture.

1.     On May 6, 2021, the grand jury charged defendant Terrell Adams by Indictment in Count One with possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, a violation of Title 18, United States Code, Section 922(g)(1).  (Doc. 1).

2.     The United States also sought forfeiture from defendant Terrell Adams pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) of all firearms and ammunition involved in the commission of the offense,

1

including but not limited to a Diamondback Firearms, model DB9, 9mm semi-automatic pistol, bearing serial number Y1162, and the recovered ammunition. (Doc. 1 at p. 2).

3. On October 15, 2021, the United States and defendant Terrell Adams entered into a Plea Agreement. (Doc. 26). The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Count One, charging a violation of Title 18, United States Code, Section 922(g)(1) and also agreed to forfeit the items listed in the Indictment. (Doc. 26 at p. 3-4).

4. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c) as soon as practicable after a plea of guilty. The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

5. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

6. As set forth in the Plea Agreement, on April 25, 2020, officers responded to a report of an armed robbery. One of the suspects was identified as defendant Terrell Adams. Inside the defendant's pants, officers recovered a Diamondback Firearms, model DB9, 9mm semi-automatic pistol, bearing serial number Y11620, which had one bullet in the chamber and four rounds in the magazine. Prior to April 25, 2020, defendant Terrell

Adams had been convicted of an offense punishable by imprisonment for a term exceeding one year. (Doc. 26 at p. 6-7).

7. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for the Diamondback Firearms, model DB9, 9mm semi-automatic pistol, bearing serial number Y11620 and 5 rounds of ammunition, tendered herewith, for the reasons set forth above.

DATED this 11th day of February 2022.

Respectfully submitted,

Cole Finegan
United States Attorney

By: s/ Laura B. Hurd
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Laura.Hurd@usdoj.gov
*Attorney for the United States*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of February 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

      s/ Sheri Gidan
FSA Records Examiner
Office of the U.S. Attorney